

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-21-00168-CR
No. 02-21-00169-CR

_____

TICO LOUIS BENAVIDES, Appellant

V.

THE STATE OF TEXAS

_____

On Appeal from the 396th District Court
Tarrant County, Texas
Trial Court Nos. 1649594D, 1653623D

_____

Before Bassel, Womack, and Wallach, JJ.
Per Curiam Memorandum Opinion

# MEMORANDUM OPINION

Appellant Tico Louis Benavides appeals from his convictions for two counts of aggravated assault with a deadly weapon and possession of less than one gram of methamphetamine. In the case involving the two counts of aggravated assault with a deadly weapon, Appellant pleaded guilty without the benefit of a plea bargain. Appellant also pleaded true to the enhancement. The trial court sentenced Appellant to five years' imprisonment on both counts and ordered the sentences to run concurrently. In the possession case, Appellant pleaded guilty pursuant to a charge bargain[1] and asked the trial court to assess his punishment. The trial court sentenced Appellant to 180 days in state jail.

---

[1]The State waived one count of possession of a controlled substance in a correctional facility and an enhancement in exchange for Appellant's guilty plea to the remaining count of possession of less than one gram of methamphetamine. This type of bargain is a charge bargain, leaving "his precise punishment . . . unresolved for the trial court to decide." *Harper v. State*, 567 S.W.3d 450, 455 (Tex. App.—Fort Worth 2019, no pet.). The written plea admonishments reflect a plea recommendation of "OPEN PLEA OF GUILTY TO COURT ON COUNT 2 WITH PSI (WAIVE 2ND DEGREE ENHANCEMENT AND COUNT 1)." Despite these notations in the record, the trial court's certification stated that this case was not a plea bargain case and that Appellant retained his right of appeal.

Because the possession case is a charge-bargain case, Appellant has the right to appeal only if he received the trial court's permission. *See* Tex. R. App. P. 25.2(a)(2) (listing the limited circumstances under which a criminal defendant in a plea-bargained case may appeal). The reporter's record from the sentencing hearing reflects that the trial court told Appellant, "You have the right to appeal my decision." In light of our review of the record, we have determined that the trial court impliedly granted Appellant permission to appeal. *See, e.g.*, *Franklin v. State*, No. 02-20-00159-CR, 2022 WL 803840, at *1 (Tex. App.—Fort Worth Mar. 17, 2022, no pet.) (mem. op., not designated for publication) (citing *Craven v. State*, Nos. 02-11-00089-CR, 02-11-00090-

Appellant's court-appointed counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*, 386 U.S. 738, 744–45, 87 S. Ct. 1396, 1400 (1967), by presenting a professional evaluation of the appellate record demonstrating why there are no arguable grounds for relief. *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

In compliance with *Kelly v. State*, counsel (1) notified Appellant of counsel's motion to withdraw; (2) provided Appellant a copy of both the motion and the brief; (3) informed him of his right to file a pro se response; (4) informed him of his pro se right to seek discretionary review should this court hold the appeal frivolous; and (5) took concrete measures to facilitate his review of the appellate record. *See* 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). This court afforded Appellant the opportunity to file a response on his own behalf, and he did so. The State filed a letter stating that it would not be filing a brief.

After an appellant's court-appointed counsel files a motion to withdraw on the ground that an appeal is frivolous and fulfills the requirements of *Anders*, this court is obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf. *See Stafford*, 813 S.W.2d at 511.

---

CR, 2012 WL 2036449, at *1 (Tex. App.—Fort Worth June 7, 2012, pet. ref'd) (per curiam) (mem. op., not designated for publication)).

3

Only then may we grant counsel's motion to withdraw. *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

We have carefully reviewed counsel's brief, Appellant's response, and the appellate record. We agree with counsel that this appeal is wholly frivolous and without merit; we find nothing in the appellate record that arguably might support this appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 827–28 (Tex. Crim. App. 2005); *see also Meza v. State*, 206 S.W.3d 684, 685 n.6 (Tex. Crim. App. 2006). Accordingly, we grant counsel's motion to withdraw and affirm the trial court's judgments.

Per Curiam

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered: October 27, 2022